

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2008

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3094

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Johnson" (2008). *2008 Decisions.* Paper 147.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3094

———————

UNITED STATES OF AMERICA

v.

HAKEEM JOHNSON

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 05-cr-00600)
District Judge:  Hon. Faith S. Hochberg

———————

Submitted under Third Circuit LAR 34.1(a)
on June 26, 2008

Before:  SLOVITER, BARRY and ROTH, <u>Circuit Judges</u>

(Opinion filed  December 8, 2008)

———————

O P I N I O N

———————

**ROTH,** <u>Circuit Judge</u>:

Hakeem Johnson appeals the judgment of sentence imposed on him by the United States District Court for the District of New Jersey. For the reasons discussed below, we will affirm.

## I. **Background and Procedural History**

Because the facts are well known to the parties, we will discuss them only briefly here.

Hakeem Johnson, a previously convicted felon, was arrested on April 2, 2005, after police officers witnessed him displaying a handgun to a group of individuals. On August 11, 2005, Johnson was charged in a single-count indictment with possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 2. Pursuant to a plea agreement, Johnson pled guilty to the firearm charge in exchange for the government's agreement not to bring additional charges related to the gun possession. The parties stipulated that Johnson possessed a loaded PT100 Taurus .40-caliber handgun, with serial number SSK42617, on April 2, 2004. The parties also stipulated that Johnson had previously been convicted of possession of a weapon, possession of a controlled substance with intent to distribute, and aggravated assault—each of which carried a potential sentence of more than one-year imprisonment. The Presentence Investigation Report (PSI) noted that the November 1, 2006, U.S. Sentencing Guidelines would apply in this case and that the applicable guideline is § 2K2.1(a)(2). That guideline fixed Johnson's base offense level at

2

twenty-four. The Probation Office suggested that, pursuant to 2K2.1(b)(4), the District Court enhance Johnson's base offense level by two points because the firearm was identified as stolen. It also suggested reducing Johnson's adjusted base offense level by three points because he accepted responsibility. This resulted in a total offense level of twenty-three, which, given Johnson's criminal history, would yield an imprisonment sentence of 92 to 115 months.

The District Court held a sentencing hearing on July 9, 2007. Johnson objected to the "stolen-gun enhancement" because the government had not proven that the gun had been stolen either by a preponderance of evidence or by a "higher standard (as urged by Mr. Johnson)."

The District Court evaluated copies of a Norfolk Police Department police report and a Trace Information report prepared by the Bureau of Alcohol and Firearms (ATF) and decided that a preponderance of the evidence supported the conclusion that the gun was stolen. The court then applied the two-level enhancement and sentenced Johnson to ninety-three months imprisonment and imposed a $500 fine.

Johnson appealed. He argues that the District Court erred in sentencing because it lacked sufficient evidence to apply the stolen-gun enhancement, that it imposed an unreasonable sentence, and that judicial factfinding by a preponderance of the evidence during sentencing violates the Due Process Clause of the Fifth Amendment.

## II. Analysis

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Johnson's first point of error is that the District Court's factual determination that the gun he possessed was stolen was not supported by the evidence. According to Johnson, the evidence only supports the proposition that the gun was *reported* stolen.

At sentencing, the Government was required "to prove by a preponderance of the evidence the facts in support of a sentence enhancement . . .." *United States v. Evans,* 155 F.3d 245, 253 (3d Cir. 1998). On appeal, this Court reviews the District Court's factual determination whether the gun was stolen for clear error. *See, e.g.*, *United States v. Navarro*, 476 F.3d 188, 191 (3d Cir. 2007). Section 2K2.1(b)(4) provides that "[i]f any firearm . . . was stolen, increase by 2 levels." U.S.S.G. § 2K2.1(b)(4). This adjustment is based on strict liability; the defendant need not have stolen the weapon or even know or have reason to know that it was stolen. U.S.S.G. § 2K2.1(b)(4) cmt. n.8(B).

We conclude that the District Court did not commit clear error in finding that the government had established that, by a preponderance of the evidence, the gun in Johnson's possession was stolen.

Johnson's challenge to the reasonableness of his sentence also fails. Review of a sentence for reasonableness essentially calls upon us to "ask[] whether the trial court abused its discretion." *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). The

4

touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a). *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

Here, the record indicates that the District Court reasonably considered and applied the relevant § 3553(a) factors in determining Johnson's sentence. The sentence was within the Guidelines range. Moreover, the District Court heard argument on the severity of Johnson's criminal record, and it engaged in a lengthy discussion with Johnson about his criminal past, life history, and future plans. Accordingly, the District Court concluded that a ninety-three month imprisonment sentence was fair. On the record before us, we cannot say that the District Court abused its discretion in imposing the sentence.

Johnson's third point of error is that judicial factfinding by a preponderance of the evidence violates the Due Process Clause of the Fifth Amendment. We have, however, previously foreclosed Johnson's argument; that is, we have held that all facts relevant to sentencing may, in fact, be found by district courts using the preponderance of the evidence standard. *See Grier*, 475 F.3d at 566–68.

## III. __Conclusion__

For the reasons set forth above, we will affirm the judgment of the District Court.